# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LOUIS D. CRAFT, JR., )
)
        Petitioner, )
)
v. ) Case No. CIV 10-290-FHS-KEW
)
JUSTIN JONES, DOC Director, )
)
        Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who currently is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, is challenging his loss of earned credits and other restrictions resulting from his conviction of a prison misconduct at Davis Correctional Facility in Holdenville, Oklahoma. The respondent has filed a motion to dismiss, alleging petitioner failed to exhaust his state remedies, and the petition is moot.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison

disciplinary hearing, an Oklahoma inmate must exhaust his administrative remedies, and he also can pursue a state court remedy through a petition for judicial review.

The record shows that petitioner received a disciplinary report on July 19, 2010, for the offense of Individual Disruptive Behavior, after he told a female officer that "women need to know their place," and he raised his fist in a threatening manner on July 14, 2010. The disciplinary hearing was held on July 27, 2010, with petitioner in attendance, and he was found guilty based on the Offense Report. The conviction was reviewed and affirmed by the facility head on July 30, 2010. Petitioner filed a misconduct appeal on July 29, 2010, alleging he was not permitted to present relevant video evidence. On September 6, 2010, the warden found petitioner was entitled to view the video, and a rehearing was ordered. Neither petitioner nor the respondent has alleged whether the rehearing actually was conducted.

Debbie Morton, Manager of the Administrative Review Unit at the DOC, has submitted an affidavit stating that completion of the DOC administrative review process required petitioner to appeal the facility head's decision to the Administrative Review Authority. The affidavit, however, references petitioner's misconduct for Communicating a Threat to Staff either in Person or in Writing, not the misconduct for Individual Disruptive Behavior which is at issue in this case. Despite this inconsistency, petitioner does not dispute he failed to exhaust his administrative remedies for the Individual Disruptive Behavior misconduct.

When earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate also can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1. This procedure requires the state court to determine whether due process was provided. A petition for judicial review must be filed within 90 days of the date

2

of notification of the DOC's final decision in the disciplinary appeal process. According to the Oklahoma State Courts Network, http://www.oscn.net, petitioner did not seek to exhaust this remedy.

In his response to the petitioner's motion to dismiss, petitioner asks to be excused from exhausting his claim, because the legal resources at Davis Correctional Facility were inadequate. He, however, has failed to allege any specifics of how the facility's deficiencies prevented him from exhausting his remedies. *See Magar v. Parker*, 490 F.3d 816, 819-20 (10th Cir. 2000). There is no basis for excusing petitioner's failure to exhaust his claim, and his request for a transfer to another facility with an adequate library cannot be considered in this habeas corpus action.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket No. 9] is GRANTED, and this action is, in all respects DISMISSED for petitioner's failure to exhaust his administrative and state court remedies.

**IT IS SO ORDERED** this 9th day of September, 2011.

Frank H. Seay
United States District Judge